FILED
March 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TARON SARGSYAN, § | |
| § | |
| Petitioner, § | |
| v. § | 5:26-CV-01225-MA |
| § | |
| PAMELA BONDI, et al., § | |
| § | |
| Respondents. § | |

## OPINION AND ORDER

The Court now considers Petitioner Taron Sargsyan's ("Petitioner") "Petition for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding him in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release.[2] Upon reviewing the petition and applicable law, the Court **GRANTS** Petitioner's writ.

### I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Armenia who entered the United States seeking asylum.[3] On August 1, 2025, an immigration judge determined that Petitioner was not eligible for asylum but granted him withholding of removal under the Convention Against Torture.[4] No appeal was lodged, and this order became final on August 31, 2025.[5] Petitioner has remained detained by Immigration and Customs Enforcement ("ICE") since August 1, 2025.[6]

---

[1] Dkt. No. 1.
[2] Dkt. No. 1, at 16.
[3] Dkt. No. 1, at 3.
[4] Dkt. No. 1, at 8.
[5] Dkt. No. 1, at 8.
[6] Dkt. No. 1, at 9.

Petitioner argues that his current detention violates 8 U.S.C. § 1231 as interpreted by the Supreme Court in *Zadvydas*, which authorizes detention after the initial 90-day period following an order of removal for only "a period reasonably necessary to bring about the [noncitizen]'s removal from the United States."[7] Petitioner maintains that although he has "cooperated fully" with Respondents throughout their efforts to remove him to a third country, it is highly unlikely and statistically improbable that Respondents will secure a third country to which he can be removed.[8] Accordingly, now that the 90 days of mandatory detention have passed, Petitioner alleges that his continued detention violates his due process rights; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a); the agency's own policies and regulations; and the Administrative Procedure Act.[9]

Respondents did not timely file a response.[10]

## II.   JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[11] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of a noncitizen's detention.[12] The petitioner bears the burden of proving, by a preponderance of the evidence, that he is being held contrary to law.[13]

Petitioner is detained at the South Texas Detention Facility in Pearsall, Texas, within the Western District of Texas.[14] Jurisdiction is properly laid with this Court.

---

[7] Dkt. No. 1, at 11 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001)).
[8] Dkt. No. 1, at 10–11.
[9] Dkt. No. 1, at 9–16.
[10] Respondents timely requested an extension of time to respond but provided absolutely no explanation as to why they could not timely respond. The motion was denied.
[11] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[12] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[13] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[14] Dkt. No. 1, at 3.

### III. ANALYSIS

Petitioner argues his detention is unlawful under *Zadvydas v. Davis* because his removal is not reasonably foreseeable. During the initial 90-day removal period after a final removal order becomes administratively final, detention is mandatory.[15] After this initial ninety-day period, the Government may continue to detain the noncitizen so long as detention is "reasonably necessary" to secure removal.[16][17] The Supreme Court in *Zadvydas* held that it is "presumptively reasonable" to detain a noncitizen for six months.[18] However,

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*Zadvydas*, 533 U.S. at 699–700.

Thus, after the mandatory 90-day detention period, as soon as there is no significant likelihood of removal in the reasonably foreseeable future, a noncitizen must be released.[19] Petitioner's final removal order became administratively final on September 2, 2025, when the appeal deadline for his final removal order lapsed.[20] His 90-day mandatory detention period therefore elapsed in early December, and he has now been detained for approximately three months beyond the mandatory detention period.

---

[15] 8 U.S.C. § 1231(a)(1)–(2).
[16] *Zadvydas*, 533 U.S. at 699; 8 U.S.C. § 1231(a)(6).
[17] *Id.*
[18] *Zadvydas*, 533 U.S. at 699–701.
[19] *See Gomez-Simeon v. Bondi*, No. SA-25-CV-01460-JKP, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025); *see also Puertas-Mendoza v. Bondi*, No. 5:25-cv-00890-XR, 2025 WL 3142089, at *2–4 (W.D. Tex. Oct. 22, 2025); *see also Villanueva v. Tate*, No. 4:25-cv-03364, 2025 WL 2774610, at *10 (S.D. Tex. Sept. 26, 2025); *see also Zavvar v. Scott*, No. 1:25-cv-02104, 2025 WL 2592543, at *5–6 (D. Md. Sept. 8, 2025) (collecting cases).
[20] 8 C.F.R. § 1003.38(b).

Petitioner has adequately demonstrated that there is good reason to believe removal is not significantly likely in the reasonably foreseeable future. As Petitioner makes clear in his petition, he cannot be removed to Armenia, his country of origin.[21] Petitioner points to historic statistics on third-country removals, noting that in 2019 and 2020, only three percent of all individuals granted withholding of removal were ultimately deported to a third country.[22] Respondents have not, to Petitioner's knowledge, even begun efforts to obtain travel documents for Petitioner nor informed Petitioner to which third countries they are trying to remove him, if they are trying at all.[23] Noting that Respondents did not timely file a response providing an account of their efforts to secure Petitioner's third-party removal, the Court finds that these factors, taken together, provide good reason to believe that Petitioner's removal is not reasonably foreseeable at this time.

Absent certain exceptions, such as the noncitizen being considered "specially dangerous" because he has committed a crime of violence, a noncitizen must be released once removal is no longer reasonably foreseeable.[24] Petitioner has been detained for months beyond the 90-day mandatory period, and Respondents do not invoke nor demonstrate any applicable exception that might warrant his continued detention.[25] Accordingly, the Court concludes that Petitioner's removal is not reasonably foreseeable and his detention is unlawful.

## CONCLUSION

Accordingly, the Petition for Habeas Corpus is **GRANTED**. It is **ORDERED** that:

1. Respondents **RELEASE** Petitioner from custody, under appropriate conditions of release, to a public place by **no later than March 12, 2026, at 2 p.m.;**

---

[21] Dkt. No. 1, at 2, 8, Ex. 2.
[22] Dkt. No. 1, at 10.
[23] Dkt. No. 1, at 9.
[24] 8 C.F.R. § 241.14.
[25] *Zadvydas*, 533 U.S. at 701.

2. Respondents **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and no less than two hours before his release;

3. The parties shall **FILE** a Joint Status Report **no later than 4:00 p.m. on March 20, 2026**, confirming that Petitioner has been released.

A final judgment will issue separately.

IT IS SO ORDERED.

DONE this 10th day of March, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE